United States District Court
For the District of Columbia

FILED
NOV 22 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ronald Maebuey, Pro-se-Petitioner
261-133
CCA/CTF
1901 E St SE
Washington, DC 20003

vs.

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815
Respondents

CASE NUMBER 1:05CV02268
JUDGE: Ellen Segal Huvelle
DECK TYPE: Habeas Corpus/2255
ZZ
DATE STAMP: 11/■/2005

And

Warden Fred E. Figueroa, Custodian
CCA/CTF
1901 E St SE
Washington, DC 20003
Respondents

Petition for Writ of Habeas Corpus
Pursuant to title 28 U.S.C Section 2241

Comes now Petitioner Ronald Maebuey who is presently incarcerated at CTF/CCA 1901 E St SE Washington DC 20003 by order of the U.S. Department of Justice United States Parole Commission, Respondent, and is in the direct custody of Warden Fred E. Figueroa, Respondent, at the above name institution.

Petitioner request that this court grant his petition for writ pursuant to title 28 U.S.C Section 2241, ordering the United States Parole Commission to respond and show cause why petitioner should remain incarcerated and be subjected to revocation of parole. Petitioner in support of his motion offers the following statement of

1

facts and memorandum of legal arguments and prays this court will accept this filing and give immediate consideration and grant appropriate relief. Petitioner has not previously filed a petition for writ of habeas corpus based upon this cause of action, and has exhausted all institutional administrative remedies available to him.

Statement of Facts

1. On December 30, 2002, I was arrest in Stafford Virginia for new criminal conduct. I notified my parole officer within a few days after my re-arrest.

2. February 2003, the charges against me in Stafford Virginia were dropped. I again notified my parole officer and no formal action was taken by my parole officer or the United States Parole Commission.

3. July 5, 2003, I was arrested on a Fugitive warrant from Stafford, Virginia. I was re-indicted on the original charges from December 30, 2002. I was held at D.C. Jail for 3 days until Stafford County Sheriff's assumed custody of me. My parole officer was notified of my re-arrest by the U.S. Attorney's Office. I also notified my parole officer after my release from Stafford Virginia.

4. July 22, 2003, my parole officer submitted a violation report to the United States Parole Commission. At that time no violation warrant was issued for a Probable Cause Hearing to address the re-arrest.

5. December 2003, I pleaded guilty to the criminal charges in Stafford Virginia. I again notified my parole officer as to the outcome of my criminal case. Again the United States Parole Commission failed to issue a violation warrant as a penalty for my re-arrest and new conviction.

6. March 29, 2004, I was sentenced in Stafford, Virginia to a term of one year incarceration. Again my parole officer was notified.

7. Dueing the six months, I was incarcerated in Stafford, Virginia, no parole violation detainee was lodged against me by the United States Parole Commission.

8. September 21, 2004 I was released from Stafford, Virginia and within twenty-four hours after my release, I notified my parole officer. I was scheduled an appointment with my parole officer. At my initial appointment, I was reinstated to active parole. The United States Parole Commission took no action against me. They (the U.S.P.C.) had four different times to take action: My initial arrest, My re-arrest, Post-guilty plea, and During my incarceration for six months in Stafford, Virginia.

9. After my initial appointment with my parole officer, I swiftly accelerated myself back into society. I was re-hired by my former employee's. I took on the responsibility of obtaining an apartment and other major financial responsibilities. I was also in the process of getting married and trying to start a family.

10. Ten months after my release from Stafford, Virginia's custody, I was informed by my parole officer that the United States Parole Commission had issued a warrant for my arrest. The violation was new criminal conduct dated 12/30/02. The warrant was issued thirty months after the initial violation occurred.

11. On July 27, 2005, I turned myself in to the United States Marshal's. I wanted to try to rectify the situation as soon as possible to avoid any irreversible damage to my life.

## Memorandum of Legal Argument

In Shelton v. U.S. Board of Parole, 388 F.2d 567, the court clearly stated: "Where the parolee has been charged with committing a crime while on parole, the Board retains jurisdiction if it acts timely in issuing its violator warrant and notifying the parolee thereof (including notice that the warrant has been lodged as a detainee), although the board defers consideration on its charge until completion of the criminal proceeding." (Shelton at 570).

The United States Parole Commission failed to issue a violation warrant until 30 months after the violation occurred. The United States Parole Commission also failed to act in a timely manner. The court also stated in Shelton: "Where the fact of parole violation has been conclusively established by an adjudication, either state or federal, that a criminal offense was committed during the release period, the parole violator is entitled to apply to the Board for immediate determination of disposition to be made concerning the consequences of his parole violation, and to seek what is in effect concurrent service on all, or a part, of the unexpired portion of his original sentence with the sentence imposed for the criminal offense which constituted the parole violation." (Shelton at 570)

The U.S. Supreme Court outlined certain facts at a minimal that are requirements of the Parole Board Revocation process. (As stated in Morrissey v. Brewer, 92 S. Ct. 2593)

In Long v. Gaines 167 F Supp. 2d 75, the United States Parole Commission was again ordered to comply with these specific requirements including but not limited to giving the parolee an institution revocation hearing within 90 days after being taken into custody.

As of this filing the United States Parole Commission has violated my rights by not giving me such a hearing.

Because of the fact, I did not get a probable cause hearing, I was not given the opportunity to confront adverse witness, etc. As stated in Morrissey.

These rights are fundamental and protected by the constitution and court decisions.

In the case of the United States v. Kenton, 252 F. Supp. 344 the court found "the lapse of 123 days between the request and hearing is unreasonable." (Kenton at 346)

In addition it was also established by the court that "administrative convenience alone cannot justify a parolee's incarceration in suspense for an unreasonable length of time." (Kenton at 346)

Petitioner renews his objection to the United States Parole Commission actions. Petitioner was given a liberty interest on September 21, 2004 when Petitioner was released from Stafford, Virginia custody and reinstated to active parole. Like a thief in the night, the United States Parole Commission took back the liberty interest given to me 10 months earlier. In all fairness Petitioner pleads with this honorable court to take into account the time delay and injury factors. The United State Parole Commission allowed Petitioner to resume his life and now 30 plus months later, I am being punished. I ask this honorable court to look at the violation date of 12/30/02. Petitioner did not try to evade the consequences of the violation. In comparison with Crown v. Burkhart, 830 F. Supp. 946, the United States Parole Commission has drawn me back as if I was "a yo-yo on a string." (Crown at 951)

It was decided by the court in Cleveland v. Ciccone, 517 F. 2d 1082, "that a parolee's right to a prompt revocation hearing is not suspended by the fact that he is serving an intervening sentence. If a parole violator's warrant is issued and lodged against a prisoner as a detainer, a revocation hearing must be accorded within a reasonable time."

Wherefore, petitioner requests this court to issue a writ of habeas corpus ad subjiciendum commanding respondent to produce the body of petitioner before this court, so that your Honor may further inquire into the lawfulness of respondent's custody of petitioner. Petitioner offers the above statement of facts in good faith, and offers this memorandum of legal arguments in support thereof. Petitioner affirms that the cases cited as authority are binding upon this court. In consideration of these decisions, in petitioner's motion for writ and the court's authority to grant such writ, petitioner prays that this court will grant him relief in the form of release from unlawful custody, and requests this court order he be reinstated to the original terms of his parole; and estopp the United States Parole Commission from proceeding with a revocation hearing based on this violators warrant leading to petitioner's arrest. To hold such a hearing at this time and under such circumstances, would be prejudicial to petitioner and in violation of his constitutional rights; and any other such relief he may be entitled to.

Dated October 21, 2005

_Phoenix C. Ishmon_ 10/24/05
Phoenix C. Ishmon
Notary Public, District of Columbia
My Commission Expires 07-31-2006

_Ronald Marbury_
Ronald Marbury
261-133
1901 E St SE
Washington, DC 20003

I Ronald Marbury, being duly sworn under oath have read and subscribed to the above set forth petition and the information therein is true and correct.

Subscribed and sworn to before me on