**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RONALD MARBURY** ) | |
| **a/k/a KHALID NAJI-ALLAH** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-2268 (ESH)** |
| ) | |
| **UNITED STATES PAROLE** ) | |
| **COMMISSION,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

**UNITED STATES PAROLE COMMISSION'S OPPOSITION TO**
**PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Parole Commission ("Parole Commission"), by and through its

attorney, the United States Attorney for the District of Columbia, respectfully opposes Petitioner

Ronald Marbury's petition for a writ of habeas corpus.  In his petition, Petitioner claims that he is

entitled to relief because the United States Parole Commission violated his rights by delaying in

issuing a parole violation warrant based on his rearrest and subsequent convictions in Stafford,

Virginia, and by delaying in holding a parole revocation hearing after Petitioner was arrested on

the parole violation warrant.  For the reasons set forth herein, this Court should summarily deny

the petition.

**PROCEDURAL HISTORY**

On March 25, 1994, Petitioner was sentenced to a 78 month to 30 year prison term in

Superior Court of the District of Columbia case number F 11924-93 for attempted possession

with the intent to distribute cocaine, and a consecutive 1 year prison term in Superior Court of

the District of Columbia case number M 16211-93 for violating the Bail Reform Act.  *See*

Exhibits 1 and 2.  Petitioner was paroled on October 27, 1998, to a United States Marshal

detainer. *See* Exhibit 3. The detainer was based on a 78 month prison sentence imposed in 1994, by the United States District Court for the Eastern District of Virginia, for possession with intent to distribute crack cocaine. *See* Exhibit 4. Due to good time deductions, Petitioner was released from his federal sentence on September 8, 1999, to community supervision. *See* Exhibit 5.

In a report of alleged violation dated July 22, 2003, Community Supervision Officer Marie Asike informed the United States Parole Commission that Petitioner had been arrested on July 5, 2003, based on a warrant issued by Stafford County, Virginia. *See* Exhibit 6. In response to a request from the Parole Commission, under a cover letter dated September 4, 2003, United States Probation Officer Juan Peredo provided the Parole Commission with copies of indictments from Stafford County charging Petitioner with check forgery, uttering, disorderly conduct, possession of a fictitious driver's license, assault and battery, and obstruction of justice. *See* Exhibit 7. Parole Commission staff decided to defer action on the supervision officer's request for the issuance of a summons until the state criminal charges were resolved, and accordingly requested that the supervision officer provide an update on the case when a disposition was reached on the charges. *See* Exhibits 8 and 9.

By a memorandum dated March 15, 2005, Community Supervision Officer Mazen Eraifeg informed the Parole Commission that, after the officer had taken over Petitioner's case in February 2005, the officer discovered that Petitioner was convicted of forgery, uttering and assault & battery in his Stafford, Virginia case. *See* Exhibit 10. The supervision officer also learned that the Stafford, Virginia court imposed sentence on March 29, 2004. *See id.* On May 18, 2005, the Parole Commission sent a letter to United States Probation Officer Peredo requesting a copy of the sentencing order regarding Petitioner's new Virginia convictions. *See*

Exhibit 11.  Probation Officer Peredo responded to the Parole Commission's request on June 16, 2005, and provided the sentencing order.  *See* Exhibit 12.  As indicated in the sentencing order, the Stafford, Virginia court sentenced Petitioner to a total of 11 years of incarceration for his crimes, with 10 years of that sentence suspended and with the condition that Petitioner complete a 10 year period of unsupervised probation.  *See id.*

On June 22, 2005, the Parole Commission issued a parole violator warrant for Petitioner based on Petitioner's new convictions for forgery, uttering, and assault and battery.  *See* Exhibit 13 (warrant application); Exhibit 14 (warrant).  The United States Marshal's Office arrested Petitioner on the violator warrant on July 27, 2005.  *See* Exhibit 15.  On October 12, 2005, the Parole Commission found probable cause for the alleged violations and designated Petitioner for an institutional revocation hearing.  *See* Exhibit 16.  On October 18, 2005, the Parole Commission issued a probable cause letter and a request to the Bureau of Prisons that Petitioner be designated to a federal institution for his revocation hearing.  *See* Exhibit 17 (noting that the parole revocation hearing should be held by October 27, 2005, within 90 days of Petitioner's arrest on the parole violator warrant).

As of January 17, 2006, Petitioner has not yet received a parole revocation hearing. However, Petitioner is scheduled for a parole revocation hearing on January 19, 2006.

## ARGUMENT

Petitioner appears before this Court on a petition for a writ of habeas corpus that was filed, *pro se*, on November 22, 2005.  In his petition, Petitioner asserts that the United States Parole Commission violated his rights by delaying in issuing a parole violation warrant based on his rearrest and convictions in Stafford, Virginia, and by delaying in holding a parole revocation

hearing after Petitioner was arrested on the parole violation warrant.  For the reasons set forth

below, this Court should reject Petitioner's arguments and summarily deny his petition.

### This Court Should Summarily Deny Petitioner's Claim Regarding The Timing Of The Parole Commission's Decision To Issue A Parole Violation Warrant

It is well established that reasonable diligence must be exercised in carrying out the

parole revocation process.  *See Shelton v. United States Board of Parole*, 388 F.2d 567, 574

(D.C. Cir. 1967); *see also Bennett v. Bogan*, 66 F.3d 812, 818 (6th Cir. 1995); *Gaddy v. Michael*,

519 F.2d 669, 672-73 (4th Cir. 1975).  In this case, Petitioner argues that the Parole Commission

has not been sufficiently diligent because the Parole Commission delayed in issuing a parole

violator warrant based on Defendant's rearrest and convictions in Stafford, Virginia.

As previously noted, the Parole Commission learned of Defendant's rearrest in July 2003,

and issued its parole violator warrant on July 27, 2005.  While that delay is substantial, the delay

that occurred from the date on which the Parole Commission was first notified of Petitioner's

rearrest for crimes in Stafford, Virginia (July 2003) to the date that Petitioner was convicted and

sentenced in that case (March 2004) was reasonable.  It is permissible for the Parole Commission

to await the disposition of pending criminal charges before commencing the parole revocation

process.  *See, e.g., Shelton*, 388 F.2d at 573; *Burdette v. Nock*, 480 F.2d 1010, 1012 (6th Cir.

1973); *Avellino v. United States*, 330 F.2d 490, 491 (2d Cir. 1964); *see also* 18 U.S.C. §4213(b),

*repeal effective* on November 1, 2005 (in the case of a parolee charged with a criminal offense,

issuance of a warrant may be suspended pending disposition of the charge).

While the delay from the Petitioner's conviction in March 2004, to May 2005 (during

which Petitioner's former supervision officer failed to notify the Parole Commission of the

disposition of the criminal charges in state court) is not easily justified, Petitioner cannot (and does not) claim that the delay prejudiced his ability to mount a defense against the charges that will be addressed in the parole revocation hearing.[1]  Indeed, because Petitioner was convicted of new offenses that he committed while on parole, the new convictions conclusively establish that Petitioner violated the conditions of his parole.  *See Morrissey v. Brewer*, 408 U.S. 471, 490 (1972) (explaining that in a revocation hearing, "a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime").  Since Petitioner must show prejudice in order to obtain relief on his petition for a writ of habeas corpus, and has failed to do so, his claim about the Parole Commission's delay in issuing a parole violator warrant fails.  *See Bennett*, 66 F.3d at 818-19; *cf. Sutherland v. McCall*, 709 F.2d 730, 732-33 (D.C. Cir. 1983); *Shelton*, 388 F.2d at 573-74.

### This Court Also Should Summarily Deny Petitioner's Claim Regarding The Timing Of His Parole Revocation Hearing

Petitioner also claims that he is entitled to habeas relief because the Parole Commission has not held a parole revocation hearing.[2]  As explained below, that claim also fails.

Under Parole Commission regulations codified at 28 C.F.R. §2.101(e) and §2.102(f),

---

[1]  The Parole Commission notes that after it was informed of Petitioner's 2004 conviction by Petitioner's new supervision officer, the Parole Commission acted promptly in obtaining a copy of the sentencing order and then issuing the parole violator warrant.  The United States Marshal's Service executed the warrant just over a month after the Parole Commission issued the warrant.

[2]  To the extent that Petitioner claims he should have had a probable cause hearing after his rearrest in 2005 (*see* Petition at 3, 6), the Parole Commission notes that his 2004 conviction for a crime committed while on parole obviated the need for such a hearing.  See 28 C.F.R. §2.101(a) (probable cause hearing is scheduled for a parolee arrested on a violator warrant and detained in the District of Columbia "and who has not been convicted of a new crime"); *see also Moody v. Daggett*, 429 U.S. 78, 86, n.7 (1976).

Petitioner should have received a parole revocation hearing within 90 days of his arrest on the violator warrant. The Parole Commission concedes that it failed to schedule Petitioner's parole revocation hearing within the 90 day time frame. However, it does not follow that Petitioner is entitled to the relief he seeks in his petition for a writ of habeas corpus. *See McNeal v. United States*, 553 F.2d 66, 68 (10th Cir. 1977) (*per curiam*) ("Delay *per se* does not constitute a violation of due process entitling an accused parole violator to immediate release where the parolee has finally been afforded the revocation hearing and the facts of the violation fairly adjudicated."). The remedy for a delayed parole revocation hearing is to require the Parole Commission to conduct a hearing. *See Bryant v. Grinner*, 563 F.2d 871, 872 (7th Cir. 1977) (noting that the legislative history for 18 U.S.C. § 4214(c) indicates that if the Parole Commission fails to meet a deadline for decision-making established by the Act, the proper remedy would be to compel the decision and not to release the prisoner from custody).

An alleged parole violator such as Petitioner would only be entitled to habeas relief if he can meet his burden of showing that the Parole Commission's delay was unreasonable and resulted in actual prejudice to the defense he intended to present at the parole revocation hearing. *See Sutherland*, 709 F.2d at 733. Where, as in this case, there is no claim of such prejudice because Petitioner was convicted of new offenses committed while on parole, habeas relief is not appropriate. *See Cortinas v. United States Parole Comm'n*, 938 F.2d 43, 45 (5th Cir. 1991) (*per curiam*) (holding that petitioner was not prejudiced by delay because petitioner did not assert that his ability to present facts or contest the parole violation was affected by the delay); *United States v. Wickham*, 618 F.2d 1307, 1311 (9th Cir. 1979) (explaining that a petitioner claiming actual prejudice resulting from a delayed probation revocation hearing generally must show that the

delay impaired his or her ability to contest alleged violation or present favorable evidence).

Applying that legal standard, Petitioner is not entitled to habeas relief. Petitioner does not claim, much less show, that his ability to present a defense at his parole revocation hearing will be prejudiced in any way by the Parole Commission's delay in holding a parole revocation hearing. *See Crum v. United States Parole Comm'n*, 814 F. Supp. 1, 3 (D.D.C. 1993) (petitioner was not prejudiced by 157-day delay between arrest and first parole revocation hearing date); *see also Grinner*, 563 F.2d at 872 (collecting cases holding that petitioner was not prejudiced despite delays between ten months and two years from execution of parole violator warrant and parole revocation hearing). Moreover, as noted above, Petitioner cannot plausibly claim that the delay has prejudiced his defense at the revocation hearing, because Petitioner was convicted of three new offenses that he committed while on parole, and the new convictions conclusively establish that Petitioner violated the conditions of his parole. *See supra*, p. 5 (citing *Morrissey*, 408 U.S. at 490). Finally, Petitioner's petition will soon become moot, because Petitioner will receive his desired parole revocation hearing on January 19, 2006.

## CONCLUSION

For the foregoing reasons, Petitioner is not entitled to relief on his claims challenging the actions of the United States Parole Commission, and thus this Court summarily should deny Petitioner's petition for a writ of habeas corpus.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

ROBERT D. OKUN (D.C. Bar No. 457-078)
Chief, Special Proceedings Section

_____/s/_____
GEOFFREY CARTER (D.C. Bar No. 460-971)
Assistant United States Attorney
Special Proceedings Section
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 305-1845

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of January, 2006, a copy of the foregoing

pleading was served via U.S. mail on Petitioner Ronald Marbury, *pro se*, postage prepaid, at the

following address:

Ronald Marbury, Register No. 19500-003
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106


    /s/ Geoffrey Carter
ASSISTANT UNITED STATES ATTORNEY