UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD MARBURY<br>    a/k/a KHALID NAJI-ALLAH<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES PAROLE<br>    COMMISSION, *et al.*,<br><br>        Respondents. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2268 (ESH)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES PAROLE COMMISSION'S SUPPLEMENT TO OPPOSITION TO
PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Parole Commission ("Parole Commission"), by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplement to its January 17, 2006 opposition to Petitioner Ronald Marbury's petition for a writ of habeas corpus.  In his petition, Petitioner claimed that he is entitled to relief because the United States Parole Commission violated his rights by delaying in issuing a parole violation warrant based on his rearrest and subsequent convictions in Stafford, Virginia, and by delaying in holding a parole revocation hearing after Petitioner was arrested on the parole violation warrant. The Parole Commission submits this supplement to advise the Court that Petitioner appeared for a parole revocation hearing on January 19, 2006, and accepted the Parole Commission's proposed disposition of the hearing.  For the reasons set forth herein and in the Parole Commission's January 17, 2006 Opposition, this Court should summarily deny the petition.

## **PROCEDURAL HISTORY**[1]

1. On November 22, 2005, Petitioner filed a petition for a writ of habeas corpus. In his petition, Petitioner asserted that the Parole Commission violated his rights by delaying in issuing a parole violation warrant based on his rearrest and convictions in Stafford, Virginia, and by delaying in holding a parole revocation hearing after Petitioner was arrested on the parole violation warrant.

2. On January 17, 2006, the Parole Commission filed an opposition to Petitioner's petition. The Parole Commission asked the Court to summarily deny the petition, and further advised the Court, *inter alia,* that Petitioner's petition would soon become moot, because Petitioner was scheduled to receive his desired parole revocation hearing on January 19, 2006.

3. On January 18, 2006, the Parole Commission prepared an expedited revocation recommendation that proposed revoking Petitioner's parole without a hearing, with none of the time spent on parole to be credited against Petitioner's sentence, and with parole to resume on March 17, 2006. *See* Exhibit A.

4. On January 19, 2006, Petitioner appeared (with counsel) for his parole revocation hearing. Initially, Petitioner declined the expedited revocation proposal. However, after further discussion with Parole Commission officials and with his attorney, Petitioner agreed to the terms of the expedited revocation proposal. *See* Exhibit B; *see also* Exhibit D at 1 (Declaration of Kathleen A. Pinner).

5. On January 19, 2006, the Parole Commission issued a notice of action based on

---

[1] The procedural history to this case is set forth in more detail in the United States January 17, 2006 Opposition at 1-3.

Petitioner's decision to accept the expedited revocation proposal.  Specifically, the Parole Commission revoked Petitioner's parole (with none of the time Petitioner spent on parole credited against his sentence), and stated that parole would become effective (again) on March 17, 2006, after Petitioner completed serving 14 months of incarceration.  *See* Exhibit C at 1.

## DISCUSSION

In its January 17, 2006 Opposition to Petitioner's petition for a writ of habeas corpus, the Parole Commission argued, *inter alia*, that Petitioner's petition would become moot once the Parole Commission held Petitioner's desired parole revocation hearing.  *See* January 17, 2006 Opposition at 7.  The Parole Commission submits that in light of the developments summarized above, Petitioner's petition indeed has become moot.  Specifically, on January 19, 2006, Petitioner expressly: a) accepted responsibility for his conduct; b) accepted the Parole Commission's proposed disposition (including revocation of parole); c) waived his right to a revocation hearing; and d) waived his right to administratively appeal the Parole Commission's decision.  *See* Exhibit B.  By accepting the Parole Commission's decision to revoke his parole and waiving his right to further agency proceedings relating to the revocation decision, Petitioner (at a minimum) conceded that the Parole Commission's actions were valid and also conceded that he was not prejudiced by any delay in the Parole Commission's decision to revoke his parole.  Accordingly, this Court should summarily deny Petitioner's petition for a writ of habeas corpus as moot.

## **CONCLUSION**

For the foregoing reasons and for the reasons set forth in the Parole Commission's January 17, 2006 Opposition, this Court summarily should deny Petitioner's petition for a writ of habeas corpus.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

ROBERT D. OKUN (D.C. Bar No. 457-078)
Chief, Special Proceedings Section

/s/
GEOFFREY CARTER (D.C. Bar No. 460-971)
Assistant United States Attorney
Special Proceedings Section
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 305-1845

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of February, 2006, a copy of the foregoing pleading was served via U.S. mail on Petitioner Ronald Marbury, *pro se*, postage prepaid, at the following address:

Ronald Marbury, Register No. 19500-003
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106

                                                 /s/ Geoffrey Carter
                                     ASSISTANT UNITED STATES ATTORNEY